## (February 15, 1963)

■ In the Matter of the Estate of CHESTER W. BISNETT, Deceased. SIDNEY H. KITAY, as Coexecutor and as Cotrustee under the Will of CHESTER W. BISNETT, Deceased, Appellant. In the Matter of the Estate of CHESTER W. BISNETT, Deceased. LUELLA B. LA MORA, as Executor of CHESTER W. BISNETT, Deceased, Appellant.— The executors of the estate of Chester W. Bisnett, deceased, appeal from two orders of the Surrogate of St. Lawrence County. There is no respondent because all interested parties have released the executors and consented to their discharge. The conclusion which we have reached on the second appeal, relating to the judicial settlement of the estate, disposes of the questions raised in the other appeal, hence we treat the matter as one appeal. The appeal is from that part of an order on the judicial settlement of the accounts of the executors which: (1) fails and refuses to discharge said executors from liability for check No. 293 for $20,275 to Luella Boileau La Mora, and which (2) fails and refuses to allow or determine commissions payable to the executrix and the executor, and which (3) fails and refuses to allow or determine counsel fees and disbursements payable to the attorney for the estate, and which (4) fails and refuses to allow the claim filed by Guilmette & Pinto, and which (5) fails and refuses to permit the executors to pay and set over the balance of the estate remaining in their hands to Luella Boileau La Mora, as the sole person in interest thereto, and which (6) fails and refuses to discharge the executrix and executor from all further liability in the premises, and which (7) orders and directs that Luella Boileau La Mora continue to administer the estate of the decedent as the executrix and trustee until the further order of the court. No interested party objected to the account of the executors as filed; no interested party objected to any of the items which the Surrogate denied or upon which the Surrogate refused to pass. We are of the opinion that no valid active trust was created by the codicil to decedent's will; that legal title vested in the residuary legatees; that the interests of the beneficiaries were not of the nature made inalienable by section 15 of the Personal Property Law; that the assignments to Luella Boileau La Mora for full value are valid, and that Luella Boileau La Mora is the sole party interested in the residuary estate and should not be required to continue to operate the business as executrix. The order and decree is reversed, on the law and facts, insofar as appealed from, with costs to appellants payable from the estate, and the following is directed: The claim of Guilmette & Pinto, certified public accountants, is allowed in the sum of $4,000 as a valid claim; the commissions of the executors and the attorney's fees and disbursements of Sidney H. Kitay are allowed as per account filed; the accounts of the executors are judicially settled as filed, and the executors discharged from further liability upon distribution of the remaining assets of the estate to Luella Boileau La Mora. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.

■ RICHARD BERRY, Appellant-Respondent, v. JAMES R. PECKHAM, Respondent, and RAYMOND J. WILSON et al., Appellants. (Action No. 1.) JAMES R. PECKHAM, an Infant, by ROGER PECKHAM, His Guardian ad Litem, et al., Respondents, v. RAYMOND J. WILSON et al., Appellants. (Action No. 2.) — The decision of February 7, 1963 (post, p. 966) is amended to provide: judgments affirmed, with one bill of costs to the plaintiff and the defendant Peckham in Action No 1, and with costs to the respondents in Action No. 2. No opinion. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.